FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 04 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**BRANDON ARCHIBALD**                                              **PLAINTIFF**

VS.                              CASE NO. 2:22-cv-74-BSM

**THOMAS BRACEY, JIMBO PRESLEY, EACH
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
AS OFFICER FOR THE CITY OF WEST MEMPHIS;
AND, THE CITY OF WEST MEMPHIS**                                   **DEFENDANTS**

This case assigned to District Judge Miller
and to Magistrate Judge Harris

**COMPLAINT**

Comes the Plaintiff, **BRANDON ARCHIBALD**, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**, and, for this this Complaint, he states:

**PARTIES & JURISDICTION**

1. Plaintiff is a resident and citizen of Mississippi, who sues Arkansas citizens Thomas Bracey and Jimbo Presley, who are policemen employed by the City of West Memphis. Thomas Bracey and Jimbo Presley are sued in their individual and official capacity. The City of West Memphis is a public entity, existing under the laws of the State of Arkansas. This is an action for malicious prosecution, abuse of process, and false arrest, as well as violation of Plaintiff's State and Federal Constitutional Rights. Accordingly, Plaintiff brings this action under the ACA 21-1-106, Arkansas Civil Rights Act of 1993, and 42 USC 1983. Since the acts given rise to this action arose in this County, venue is proper under 28 USC 1391(b). This Court has personal jurisdiction over the parties and subject matter jurisdiction under 28 USC 1334.

## GENERAL ALLEGATIONS OF FACTS

2.      While driving Southbound on I-55 toward Stateline Rd in Southaven, MS, in 2021, Plaintiff was passed at an excessive speed by an unmarked police vehicle with no government license plate for identification.

3.      Plaintiff's original concern that no emergency lights were being used while driving at dangerous speeds on the interstate were quickly overshadowed by the improper and illegal lack of government tags on a government vehicle

4.      The illegal vehicle exited Westbound on Stateline Rd, seemingly heading toward the Southaven Police precinct, so Plaintiff exited with them believing he was following the vehicle to their department. Plaintiff's intention was to speak to a supervising officer about their illegal vehicle on public roads.

5.      The vehicle did not pull into the Southaven police department, but soon pulled into a nearby neighborhood, joining another unmarked vehicle whose government tags were properly displayed, and a marked Southaven police cruiser.

6.      As the three vehicles sat in the neighborhood, Plaintiff parked his car around the corner and called the Southaven precinct to alert them of this suspicious and obviously illegal behavior.

7.      After the phone call, Plaintiff pulled his car nearer to the three police vehicles, walked toward the illegal vehicle, and signaled for it to stop and roll down their window. As requested, the vehicle stopped and rolled the window to show two uniformed officers.

8.      Plaintiff requested both of their names and badge numbers, but the officers immediately rolled up the window and drove away, hiding their identities from the public.

9. Then, on the 19th of August, 2021 @ 1:47pm, Plaintiff and his brother arrived at the West Memphis police department to file a complaint against the department for police misconduct by two WMPD officers that he had recorded in Southaven, MS.

10. While standing in the parking lot of the police precinct, speaking with Defendant Bracey (badge#231) about the incident in question, sergeant Sgt. Presley - Badge#211, came to the scene and ordered his officers to stop speaking to Plaintiff and go inside the building.

11. Plaintiff verbalized his continued intent to file the complaint, while standing at the front door of the police department. Sergeant Presley denied Plaintiff the right to file a complaint with his department and gave Plaintiff a directive to "step out of the door" or Plaintiff would be "arrested for trespassing".

12. Knowing his 1st Amendment right to continue the consensual conversation on public property, Plaintiff continued requesting the names and badge numbers of the surrounding officers who volunteered to engage in the situation.

13. Defendants and multiple subordinate officers escalated the situation by threatening to arrest Plaintiff for "refusing to leave a public building".

14. Plaintiff was then ordered arrested by Sergeant Presley from inside the building's entryway via a simple head-nod and words similar to "grab/get him".

15. The video footage from the building's entrance will show this command from a clearer angle and will verify that the arresting officers would not have escalated the situation without the command from their superior officer, who is ultimately responsible for this unlawful arrest.

16. Defendant Bracy read Plaintiff his Miranda Rights as Plaintiff sat handcuffed in a patrol vehicle, and stated Plaintiff was under arrest for trespassing.

17. The arrest report later shows "disorderly conduct" as the charge.

18. At no point during the interaction was Plaintiff warned about disorderly behavior, nor was Plaintiff asked to leave the property before being arrested for trespassing on public property.

19. So, Officer Brown issued a citation to Plaintiff, but those charges were ultimately dismissed in February, 2020.

## COUNT I

20. Plaintiff realleges the foregoing as if more fully set out herein.

21. By virtue of the facts alleged herein, Plaintiff was charged with a crime he did not commit. Plaintiff was arrested in violation of the 4th Amendment United States Constitution and Article 22 of the Arkansas Constitution because he exercised his right to free speech and to petition government for redress of grievances.

22. Plaintiff was seized and arrested without probable cause because he insisted on a filing a complaint, which is activity protected under the 1st Amendment Petition Clause and Speech clause and ACA 21-1-106.

23. Once the Prosecutor viewed the video, the charges were immediately dismissed.

24. As a direct and proximate cause of the acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, as well as incurred other damages in an amount to be proven at trial.

25. Each Defendant's actions have been egregious so as to warrant the imposition of punitive damages against him in his individual capacity.

## COUNT II

26. Plaintiff realleges the foregoing as if more fully set out herein.

27. Plaintiff brings this action against this action against the Defendant in his official capacity.

28. By virtue of the facts alleged herein, the Constitutional violation occurred because the City's failure to train. The City has also ratified Defendant's conduct.

## COUNT III

29. Plaintiff realleges the foregoing as if more fully set out herein.

30. Defendants have charged Plaintiff with a crime for which there was no probable cause and arrested him in order to intimidate him from exercising his 1st Amendment rights.

31. Accordingly, Plaintiff sues for malicious prosecution, abuse of process, and false imprisonment.

## JURY DEMAND

32. Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff, **BRANDON ARCHIBALD,** prays for appropriate compensatory and punitive damages exceeding $250,000; for attorneys' fees and costs; for a trial by jury; and, all other proper relief.

Respectfully submitted,

Luther Oneal Sutter, Esq. ARBN 95031
Attorneys for Plaintiff
**SUTTER & GILLHAM, PLLC**
310 W. Conway Street
Benton, AR 72015
501/315-1910 – Office
501/315-1916 - Facsimile

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, Esq. ARBN 95-031
luther.sutterlaw@gmail.com

By: /s/ Lucien R. Gillham
Lucien R. Gillham, Esq. ARBN 99-199
lucien.gillham@gmail.com